### AMERICAN POTATO CORP. v. BOCA GRANDE S. S. CO.

(District Court, E. D. Pennsylvania. June 28, 1916.)

1. ADMIRALTY ⬸32—ATTACHMENT—PROCESS.

In admiralty, service of process may be had on the owner of a steamship by attachment in any federal district in which the owner's property may be found, though his residence and principal place of business be in another district.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 306–312; Dec. Dig. ⬸32.]

2. ADMIRALTY ⬸32—PROCESS—SERVICE.

In admiralty, the ordinary monition may issue in any district where a shipowner maintains a statutory agent on whom process can be served.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 306–312; Dec. Dig. ⬸32.]

3. ADMIRALTY ⬸47—ATTACHMENT—FOREIGN CORPORATIONS—"DOING BUSINESS."

Though the captain of a vessel, who was president, treasurer, general manager, and majority stockholder of the corporation owning the vessel, was within the federal district where the vessel was seized under foreign attachment, the vessel at that time being docked for repairs, the corporation was not doing business within the district, and foreign attachment could issue (citing Words and Phrases, First and Second Series).

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 396–403; Dec. Dig. ⬸47.

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

In Admiralty. Foreign attachment by the American Potato Corporation against the Boca Grande Steamship Company. On motion to quash writ. Motion denied.

Howard M. Long, of Philadelphia, Pa., for libelant.

White, White & Taulane, of Philadelphia, Pa., and Gifford, Hobbs & Beard, of New York City, for respondent.

McPHERSON, Circuit Judge. This is a motion to set aside the seizure of the coasting steamer New Orleans under a writ of foreign attachment. The vessel belongs to the Boca Grande Steamship Company, and was seized in the port of Philadelphia in a suit in personam brought for the breach of an executory contract to carry several cargoes of potatoes. The libelant was obliged to ship the potatoes by rail, and sues to recover damages for the steamer's failure to carry. The merits of the dispute are not involved; the only point to be considered is, whether under the facts in evidence a writ of foreign attachment could lawfully be levied in this district.

[1, 2] The court has jurisdiction of the subject-matter, but jurisdiction of the steamship company could only be obtained by direct service of process on the respondent if the latter could be found within the district. It is a Delaware corporation, whose main office is in New Orleans, and nothing before the court shows the existence of an office in the Eastern district of Pennsylvania. Apparently, therefore, direct service of process on the company could be made only in Delaware or in Louisiana. But the libelant was not obliged to go to either district, if lawful service could be made elsewhere; and it is well settled, that in admiralty such service may be made by attaching a respondent's property in any other federal district than the district of his residence, so as to compel him to appear and defend. Atkins v. Disintegrating Co., 85 U. S. (18 Wall.) 272, 21 L. Ed. 841. And of course the ordinary monition may issue in any district where the respondent maintains a statutory agent upon whom process may be served. In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991. The steamship company maintains no such agent in Philadelphia, but the vessel was here, and was duly seized by a procedure formally regular in all particulars.

[3] The seizure is now attacked, however, on the ground that the company itself was within the district, and therefore that no foreign attachment could lawfully issue or be levied. This position rests on the following facts: Capt. Lawrence, the master of the vessel, is also the president, treasurer, general manager, and majority stockholder of the company, and is duly authorized to transact all its business; and the vessel itself, although a tramp coaster without a regular run, was being repaired in Philadelphia, and was awaiting and actually loading a cargo of coal. Upon familiar principles, therefore, it is argued that, as the company was doing business here, and as Capt. Lawrence was a proper official upon whom service of a monition could have been made, no foreign attachment could lawfully be levied.

The position does not seem to be well taken. Evidently the mere presence of Capt. Lawrence in Philadelphia was not equivalent to the presence of the corporation, and therefore the success of the motion depends wholly upon the view that should be taken of the facts above stated. Are they sufficient to justify a finding that the corporation was "doing business" here within the legal meaning of that phrase? In my opinion, the answer should be in the negative; but, as the general subject has already been so much discussed, I do not think it necessary to do more than refer to the decisions. Some of them will be

found in the notes to Cone Export Co. v. Poole, 24 L. R. A. 295, Penn. Co. v. McKeever, 2 L. R. A. (N. S.) 127, and Booth v. Weigand, 10 L. R. A. (N. S.) 693; and others are collected in 3 Words and Phrases, 2155, and 2 Words and Phrases (2d Ser.) 108.

The motion is refused.

⬥⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes