### ASHCRAFT–WILKINSON CO.
v.
### COMPANIA DE NAVEGACION GEAMAR, S.R.L.

United States District Court
S. D. New York.
Nov. 5, 1953.

---

General San Martin, the vessel upon which the claimed damage occurred, *in rem,* and against respondent, the owner of the vessel, an Argentine corporation *in personam.*

The marshal's return certifies service upon respondent "by delivering to and leaving a copy of the citation with E. Meyer, Claims Dept. of Dichman [sic], Wright & Pugh, Inc., as Agents".

The moving and answering papers on this motion establish that the vessel never called at the port of New York while under respondent's ownership, and that Dichmann, Wright & Pugh, Inc., which maintains offices as "steamship agents and brokers" in Norfolk, Baltimore, Philadelphia and New York, rendered no service to respondent within the State and County of New York but did act as "general agent" for the vessel in Baltimore on the voyage in question.

The president of Dichmann, Wright & Pugh, Inc., testified by deposition that his company "handled the vessel" and "arranged the entrance of the vessel in the customs, berthing her at a dock and * * * arranging for the discharge of the cargo" and for towing to berth her as "part of an agent's normal activity" in Baltimore.

The question posed is: assuming these activities by Dichmann, Wright & Pugh, Inc., on respondent's behalf in Baltimore, sufficient to constitute the former a managing or general agent of the latter in that port, for the service of process there on respondent, does the maintenance by such agent of an office in New York make Dichmann, Wright & Pugh, Inc., a managing or general agent of respondent in New York upon whom valid service of process upon respondent may here be effected? I think not.

While the Federal Rules of Civil Procedure are said not to apply to proceedings in admiralty [1] they are, as to service substantially the same as the ad-

---

Dow & Symmers, New York City, for respondent.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for libelant.

SUGARMAN, District Judge.

Respondent moves "for an order vacating and setting aside the service of the citation herein and dismissing the libel on the grounds that respondent was and is not conducting business within this district so as to permit service of citation upon Dichmann, Wright & Pugh, Inc., as agent and the further ground that Dichmann, Wright & Pugh, Inc., was not and is not a managing agent, general agent or employee of respondent".

The libel alleges a claim, by libelant, a Georgia corporation, for damage to cargo shipped from Bremen to Baltimore, Savannah and Gulfport, against the S. S.

1. Fed.Rules Civ.Proc. rule 81(a), 28 U.S.C.A.

miralty practice.[2] The rules [3] allow service of process on a foreign corporation by delivery thereof to a managing or general agent. For one to be such agent it must appear that his principal must be doing sufficient business within the state to warrant the inference that the principal is present there.[4]

 The respondent here is clearly without that category. It has no contact with the port of New York. To sustain the service of process upon the facts here presented would vest jurisdiction over the foreign respondent not only in Maryland because of its activity there, but also in Virginia and Pennsylvania, in addition to New York, solely because respondent's Maryland agent maintains offices in Norfolk and Philadelphia.

Motion granted.

Settle order.

---

**2.** Benedict on Admiralty, 6th Ed., Vol. 2, § 280, at pg. 336.

**3.** F.R.Civ.P. 4(d) (3).

**4.** Belgian Mission for Economic Co-op. v. Zarati S. S. Co., Ltd., D.C.N.Y., 90 F. Supp. 741.