SEAWIND COMPANIA, S. A., Libelant-Appellant,

v.

CRESCENT LINE, INC., now known as Falcon Shipping Corp., Respondent-Appellee,

Kulukundis Lines Inc., Kulukundis Lines, Ltd., and Michael Kulukundis, etc., Respondents.

No. 352, Docket 27593.

United States Court of Appeals Second Circuit.

Argued May 27, 1963.

Decided July 9, 1963.

Foley & Grainger, New York City (Robert P. Whelan, of counsel), for libelant-appellant.

Werner, French & Molloy, New York City (Henry P. Molloy, Jr., New York City, of counsel), for respondent-appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

WATERMAN, Circuit Judge.

Seawind Compania, S. A., appeals from an order of the United States District Court for the Southern District of New York, Bonsal, J., sitting in the admiralty, by which the attachment of credits and effects of respondent-appellee, Crescent Lines, Inc., now known as Falcon Shipping Corp., was vacated. The attachment had been made pursuant to Rule 2 of the Rules of Practice in Admiralty and Maritime Cases promulgated by the United States Supreme Court. We affirm the order below.[1]

By its libel filed March 20, 1962, Seawind sought recovery of damages from Crescent Line and others for the alleged breach of a maritime agreement. The same day a citation in personam with a clause of foreign attachment in the usual form was issued to the United States Marshal for the Southern District of New York. The Marshal was directed to cite Crescent Line "if [it] shall be found in your District," and "if the said Respondent cannot be found," to attach its credits and effects in the hands of named garnishees. On March 21, 1962, a Deputy Marshal served the citation with clause of foreign attachment upon the named garnishees, and at the same time effected personal service upon the other respondents in the case. Although the Marshal's return certified that he was unable to find Crescent Line, Inc. "after due and diligent search," it is conceded that libelant did not inform the Marshal where Crescent Line, Inc., might be found and no attempt was made by him to locate or to serve this respondent.

By order to show cause dated March 29, 1962, Crescent Line moved pursuant to Rule 21 of the Admiralty Rules of the District Court for an order vacating the attachment. Appellee contended that it had been present and doing business in the Southern District of New York for several years, as Seawind well knew, and that the attachment was, therefore, illegally and improperly made. After a hearing, Judge Bonsal granted the motion and vacated the attachment on April 9, 1962. Reargument of the motion was held on April 17, 1962, and on the same day Judge Bonsal's Memorandum Decision was entered adhering to his original determination. This appeal followed.

An attachment under Rule 2 of the Admiralty Rules, customarily referred to as a foreign attachment, has a dual purpose: (1) to obtain jurisdiction

1. Our jurisdiction rests upon 28 U.S.C. § 1291; Swift & Co. Packers v. Compania Columbiana Del Caribe, S.A., 339 U.S. 684, 689, 70 S.Ct. 861, 94 L.Ed. 1206 (1950).

of the respondent in personam through his property, and (2) to assure satisfaction of any decree in libelant's favor. 2 Benedict, Admiralty § 288 (6th ed. 1940); Swift & Company Packers v. Compania Columbiana Del Caribe, S. A., 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950). The two purposes may not be separated, however, for security cannot be obtained except as an adjunct to obtaining jurisdiction.

Rule 2 provides, in pertinent part:

"In suits in personam the mesne process shall be by a simple monition in the nature of a summons to appear and answer to the suit, or by a simple warrant of arrest of the person of the respondent in the nature of a capias, as the libellant may, in his libel or information pray for or elect; in either case with a clause therein to attach his goods and chattels, or credits and effects in the hands of the garnishees named in the libel to the amount sued for, *if said respondent shall not be found within the district.* * * * " (Emphasis supplied.)

Thus, on motions to vacate foreign attachments, the essential issue before the district court is whether respondent could have been found within the district. We must affirm Judge Bonsal's determination that respondent-appellee could have been so found unless he applied an erroneous legal standard or his determination of subsidiary facts was clearly erroneous. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954); cf. Rule 52(a), Fed.R.Civ.P.

The Admiralty Rules do not define the expression "found within the district." In the cases construing Rule 2, however, the requirement is said to present "a two-pronged inquiry: first, whether [the respondent] can be found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process." United States v. Cia Naviera Continental S. A., 178 F.Supp. 561, 563 (S.D.N.Y.1959); see American Potato Corp. v. Boca Grande S.S. Co., 233 F. 542 (E.D.Pa. 1916); Insurance Co. of North America v. Canadian American Navigation Co. (The Melmay), 1933 A.M.C. 1057.

Considering the second question first, there is no doubt, we believe, that Crescent Line, Inc. (Falcon Shipping Corp.) could be found within the Southern District of New York on March 21, 1962, for service of process. In Admiralty, as under Rule 4(d) of the Federal Rules of Civil Procedure, service upon a corporation may properly be effected by service upon "an officer, a managing or general agent, or * * * any other agent authorized by appointment or by law to receive service of process." Ashcraft-Wilkinson Co. v. Compania De Navegacion Geamar, S.R.L., 117 F.Supp. 162, 164 (S.D.N.Y.1953); Patel Cotton Co. v. Steel Traveler, 107 F.Supp. 191, 193 (S.D.N.Y.1952); 2 Benedict, Admiralty § 280 (6th ed. 1940).

Here, appellant does not deny that during the relevant period of time Crescent Line had a managing agent within the district, James W. Elwell & Co., Inc., with offices at 17 State Street in New York City; that the Elwell office was in the charge of David W. Swanson, president of both Elwell and Crescent Line (Falcon Shipping Corp.), who was present in his office at 17 State Street during normal business hours on March 21, 1962; and that the Secretary and proctor for both Crescent Line and Elwell was Henry P. Molloy, Jr., Esq., with offices at 26 Broadway in New York City.

Moreover, the district court could properly conclude that appellant knew, or ought to have known, the above facts, for both Swanson and Molloy signed the contract in suit, as President and Secretary of Crescent Line respectively; James W. Elwell & Co., Inc. was referred to in the contract as the Managing Agent of the respondent; and on February 19 and February 26, 1960, appellant, through its President, directed correspondence to "Crescent Line, Inc., James W. Elwell & Co., Inc., Agent, 17 State Street, New York 4, New York, Attention: Mr. David Swanson, President."

Appellant argues that because Crescent Line, on or about February 26, 1960, changed its corporate name to Falcon Shipping Corp., and sold its former name and good will, appellant no longer knew whether Swanson, Molloy, and James W. Elwell & Co., Inc. continued to serve as officers and agents of respondent-appellee. On March 16, 1960, however, invoices bearing the names of both Crescent Line and James W. Elwell & Co., Inc., were sent to appellant's attorney; and on April 7 and July 27, 1960, Henry P. Molloy, signing his name as "Secretary" of Falcon Shipping Corp., corresponded with appellant's attorney concerning Seawind Compania.

Even if appellant was ignorant, however, of the continuing relationships of Swanson, Molloy, and James W. Elwell & Co., Inc., to Falcon Shipping Corp., we must assume that appropriate inquiries would have revealed these facts. No such inquiries were made. Judge Bonsal was clearly correct in ruling, therefore, that libelant failed to make a bona fide effort to locate respondent in the district, as we hold it was required to do. Federazione Italiana Dei Consorzi Agrari v. Mandask Compania De Vapores, S. A., 158 F.Supp. 107, 111 (S.D.N.Y.1957); Birdsall v. Germain Co., 227 F. 953 (S.D.N.Y.1915).

We turn, thus, to the question whether respondent-appellee was to be "found within" the Southern District of New York for the purpose of being subject to in personam jurisdiction in the court below. If foreign attachment in admiralty is permitted only as a means of enabling the libelant's suit to proceed, it might be supposed that the known presence of an agent authorized to accept process would suffice to preclude such an attachment under Rule 2. The cases, however, suggest an additional requirement, namely, that the respondent be engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agent expressly authorized to accept process. American Potato Corp. v. Boca Grande S.S. Co., 233 F. 542, 543 (E.D.Pa.1916); Insurance Co. of North America v. Canadian American Navigation Co. (The Melmay), 1933 A.M.C. 1057; see Federazione Italiana D. C.A. v. Mandask Compania D.V., supra; United States v. Cia Naviera Continental S.A., supra; Sociedad Transoceanica Canopus, S.A. v. Interamerican Refining Corp., 185 F.Supp. 294 (D.N.J. 1960). But see The Valmar, 38 F.Supp. 615 (E.D.Pa.1941).

Here, the minimum conditions necessary to a foreign corporation's being "found within the district" under Rule 2 need not be determined, for we believe that the district court's ruling was not clearly erroneous even under the rigorous standard suggested by the cases cited above.

Respondent-appellee is a Liberian corporation which, during 1962, was in the process of dissolution. Its major, and perhaps sole, business during that year was in the processing of cargo claims. Despite the fact that the corporate minutes and stock transfer books were kept in New York, and all of the corporation's officers were present in the district, this volume of activity would possibly not, by itself, qualify as "doing business" under ordinary tests. See Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Blount v. Peerless Chemicals, Inc., 316 F.2d 695 (2 Cir. 1963); and see generally Kurland, The Supreme Court, the Due Process Clause and In Personam Jurisdiction of State Courts, 25 U.Chi.L.Rev. 569 (1958); Note, Jurisdiction over Foreign Corporations—an Analysis of Due Process, 104 U.Pa.L.Rev. 381 (1955).

What respondent-appellee's volume of business may lack under ordinary tests, however, appellant supplies by the nature of its claim. The contract in suit was made and allegedly breached by Crescent Lines in New York. For such activities respondent-appellee could clearly be made subject to suit in New York, even in the absence of a resident agent expressly authorized to accept process. See McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Travelers Health Ass'n v. Com. of Virginia, 339 U.S. 643, 70 S.Ct. 927, 94

**584**

L.Ed. 1154 (1950); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Under these circumstances, we cannot say that Judge Bonsal's determination that Crescent Line could be found within the district was clearly erroneous.

The order of the district court vacating the attachment of appellee's credits and effects is affirmed, and the cause is remanded for further proceedings in the district court.