John **HINDLE** and John Romano, jointly, Libelants,

v.

Ray **PHELPS**, Individually and d/b/a Ray Phelps, Inc., Respondent.
No. 65 Ad. 178.

United States District Court
S. D. New York.
Sept. 27, 1965.

Harry D. Graham, New York City, for libelants.

Robert M. Morgenthau, U. S. Atty., New York City, for respondent.

CANNELLA, District Judge.

Motion to vacate the attachment of government funds by process in personam with a clause of foreign attachment, is granted.

The libelants instituted a suit against the respondent to recover the sum of $8,700.00 for breach of a contract. Process in personam, with a clause of foreign attachment was executed on libelant's behalf on February 25, 1965 by the United States Marshal for the Southern District of New York, to attach monies to the extent of $8,700.00 due respondent from the U. S. Army Corps of Engineers New York District. The libel alleges (1) that the libelants entered into a contract of joint venture with the respondent to raise a wreck from New York Harbor and (2) that as part of the contract the libelants were to make available to the respondent certain equipment to be used in the venture. The contract to raise the wreck was entered into between the U. S. Army Engineers and the respondent. Thereafter the respondent raised the wreck alone, in alleged violation of the joint venture agreement. The libel filed on February 19, 1965 also alleges that the respondent does not have an office or place of business within this district. The uncontroverted affidavit of William A. Gibson, Finance and Accounting Officer for the U. S. Army Engineers, New York District, states that the respondent does have an office in Brooklyn, Eastern District of New York.

It is undisputed that the funds sought to be attached are the funds of a government agency. It is further undisputed that the monies are part of a fund established by Public Law 88–511 of the 88th Congress, 78 Stat. 682, entitled "Public Works Appropriation Act, 1965." These funds are provided for the U. S. Army Corps of Engineers for several purposes, one of which is to remove sunken vessels. The sum allocated to the U. S. Army Engineers, New York District, is approximately 5¼ million dollars. As stated in Gibson's affidavit, the money remains in the Treasury of the United States until expended by U. S. Treasury check.

The court finds that the funds, being government funds, may not be attached except upon government consent. Chilean Line, Inc. v. United States, 344 F.2d 757 (2d Cir. 1965). "In any case,

\* \* \* a writ of foreign attachment was inappropriate because the United States has not waived its governmental immunity to garnishment \* \* \*."

Submit order.