**NEA ARMONIA SHIPPING CO., LTD., Plaintiff,**

**v.**

**ANTCO SHIPPING CO., LTD., and New England Petroleum Corporation, Defendants.**

**No. 75–830 Civ–J–S.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Jan. 24, 1976.

Almer W. Beale, II, Jacksonville, Fla., for plaintiff.

Harold B. Wahl, Jacksonville, Fla., and Edward F. Gerace, Tampa, Fla., for defendants.

William L. Coalson, Jacksonville, Fla., for City of Jacksonville Electric Authority, garnishee.

## ORDER

CHARLES R. SCOTT, District Judge.

The primary matter presently before this Court is defendants' motion to quash the process of maritime attachment and garnishment issued in this case November 26, 1975. In its original complaint, plaintiff sought to obtain *in personam* jurisdiction over defendants pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Upon the affidavit of plaintiff's counsel, the above writ of garnishment was issued for monies owing to defendant New England Petroleum Corporation (hereinafter referred to as NEPCO), then in the hands of the Jacksonville Electric Authority (hereinafter referred to as JEA). Defendants assert that in this case such garnishment was unnecessary and unauthorized. This Court agrees and for the reasons set forth below, the writ of garnishment will be quashed.

Supplemental Rule B reads in pertinent part as follows:

(1) . . .

With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's goods and chattels, or credits and effects in the hands of garnishees named in the complaint to the amount sued for, *if the defendants shall not be found within the district.* . . . (emphasis added).

■ A writ of maritime attachment serves two purposes. First, it is used to obtain *in personam* jurisdiction over a defendant through attachment of his property. Secondly, it is used to obtain security for satisfaction of any judgment which may be entered in plaintiff's fa-

vor. *Seawind Compania, S.A. v. Crescent Line, Inc.,* 320 F.2d 580 (2nd Cir. 1963). The attachment is not, however, the primary method of obtaining *in personam* jurisdiction. It is permissible only when a defendant cannot otherwise be found within a district for purposes of *in personam* jurisdiction. *Chilean Line, Inc. v. United States,* 344 F.2d 757 (2nd Cir. 1965).

In plaintiff's affidavit filed in this case November 20, 1975, plaintiff asserts that neither Antco Shipping Company, Ltd. (hereinafter referred to as ANTCO), nor NEPCO, can be found within the territorial jurisdiction of the United States District Court for the Middle District of Florida. While no counter-allegation is made that defendant ANTCO can be found within the Middle District of Florida, it is asserted by defendants and by garnishee JEA, that there is no property of ANTCO in the hands of JEA upon which garnishment can be made.

■ In his affidavit filed herein December 10, 1975, Frederick J. Wilson, as Secretary of defendants ANTCO and NEPCO, stated that all monies and/or credits in the hands of JEA are the sole property of NEPCO. In the answer of garnishee, JEA, filed herein December 11, 1975, JEA also asserts that all monies in the hands of JEA are those of NEPCO only. These assertions have not been disputed by plaintiff. Since no goods, chattels, credits or effects of ANTCO are in the hands of garnishee, JEA, the writ of attachment and garnishment as to ANTCO is of no legal effect.

As to defendant NEPCO, it is asserted that NEPCO can be found within this district for the purposes of obtaining *in personam* jurisdiction.

■ The term "found within the district" is not defined by the Federal Rules of Civil Procedure. It has been left to case law to construe the term's meaning. The cases, however, seem to be in accord that "found within the district" has a two-prong meaning. First, it means that the defendant can be

found within the district for purposes of jurisdiction and, secondly, it means the defendant can be found within the district for purposes of service of process. *Seawind Compania, S.A. v. Crescent Line, Inc.,* supra. (and cases cited therein.)

Focusing on the first prong, a defendant can be found within a district for purposes of jurisdiction if the defendant is engaged in sufficient business activity within the district so that assertion of *in personam* jurisdiction over that defendant does not violate fundamental due process. *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

In this case, defendant NEPCO is a New York corporation qualified with the Secretary of State of the State of Florida to do business in Florida. This subjects NEPCO to *in personam* jurisdiction throughout the entire State of Florida. *Cf. Junction Bit & Tool Co. v. Institutional Mortgage Co.,* 240 So.2d 879 (4th DCA Fla. 1970). Secondly, NEPCO is presently under contract to deliver fuel oil to the JEA in Jacksonville, Florida. The contract was initiated in November of 1974, and is to remain in effect until September, 1978. NEPCO delivers three to four cargo ships of oil per month pursuant to this contract. Furthermore, in the past NEPCO has delivered oil to Orlando Utilities Co. in Orlando, Florida, and has leased fuel oil tanks for the storage of inventory in the Orlando area.

This Court is of the opinion that such business activities are sufficient to make NEPCO susceptible to *in personam* jurisdiction in the Middle District of Florida.[1] *Oregon Lumber Export Co. v. Tohto Shipping Co.,* 53 F.R.D. 351 (W.D.

Wash.1970), and *United States v. CIA Naviera Continental S.A.,* 178 F.Supp. 561 (S.D.N.Y.1959).

Focusing on the second prong of the "found within the district" test, plaintiff alleges that defendant NEPCO cannot be found within the Middle District of Florida for the purposes of service of process. Regardless of the fact that defendant does not have an agent located within the Middle District of Florida, defendant is qualified to do business in Florida. As part of the procedure necessary in qualifying to do business, defendants must designate an agent within the State for purpose of service of process. In this case, NEPCO has designated C. T. Corporation System of Miami, Florida, as its resident agent. The qualification of foreign corporations to do business in Florida is primarily a state function. In so qualifying, a corporation need only designate one resident agent for the purposes of service throughout the entire state. Federal courts need not require that there be an additional resident agent in each federal district within the state.

Rule 4(f) of the Federal Rules of Civil Procedure enable the summons of a district court to be served throughout the entire state in which the court is located, rather than just within the district. Summons of this court, then, could properly be served on resident agent C. T. Corporation System for *in personam* jurisdiction over defendant NEPCO in the Middle District of Florida. Defendant NEPCO can, thus, be "found within this district" within the meaning of Supplemental Rule B. The writ of attachment and garnishment as to NEPCO must, therefore, be quashed.[2]

---

1. It should also be noted that it has been asserted by defendant NEPCO that at all times prior to the filing of this lawsuit, NEPCO and ANTCO indicated to plaintiff their willingness to submit to *in personam* jurisdiction.

2. At a hearing before this Court on December 10, 1975, the parties were directed to submit further memorandum on defendants' motion to quash the writ of maritime attachment by December 19, 1975. Pursuant thereto, plaintiff

sought to depose Eller and Company of Jacksonville, Florida. Defendants sought a protective order. On December 15, 1975, the protective order was granted. At an oral hearing plaintiff asserted that the intention of the further discovery was to demonstrate that Eller and Company was not an agent of defendants in Jacksonville, for purposes of service of process. Further, plaintiff sought to establish that neither of the defendants had ships which they owned delivering fuel oil to Jacksonville,

 The primary function of Supplemental Rule B is to obtain *in personam* jurisdiction over a defendant through his property. If attachment is not necessary for jurisdiction, it cannot be maintained solely for the purposes of obtaining security. *Seawind Compania, S.A. v. Crescent Line, Inc., supra.*

Plaintiff's four-count complaint alleges violations of a Charter-Party agreement between plaintiff and defendant ANTCO and which was guaranteed by defendant NEPCO. A copy of the Charter-Party agreement is attached to the affidavit of Frederick J. Wilson filed herein December 10, 1975. Paragraph 40 (lines 400–408) of the agreement provides:

"40. (a) This Charter shall be construed and the relations between the parties determined in accordance with the Law of England.

(b) Any dispute arising under this Charter shall be decided by the English Courts to whose jurisdiction the parties agree whatever their domicile will be:

Provided that either party may elect to have the dispute referred to the arbitration of a single arbitrator in London . . ."

Pursuant to the above provisions, Plaintiff filed suit against ANTCO on the Charter-Party dispute in June, 1975 in the High Court of Justice in London, England. ANTCO moved that court for a stay of the lawsuit and for an order compelling arbitration of the disputed issues. On July 25, 1975, the English Court granted ANTCO's request. Arbitration is now proceeding in London. This suit was filed November 21, 1975. On November 25, 1975, defendants herein applied, pursuant to 9 U.S.C. § 3, to this Court for a stay of this action pending arbitration in England. At oral argument plaintiff conceded that a stay would be appropriate. The application of defendants will, therefore, be granted.

Defendants have further moved this Court, pursuant to *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) for this case to be dismissed in accordance with the forum selection clause contained in paragraph 40 of the Charter-Party agreement. A ruling on this motion will be deferred by this Court until a later date. Therefore, it is

Ordered:

1. Motion to quash writ of maritime attachment filed herein November 25, 1975, is hereby granted.

2. Motion for stay of this action pending the outcome of the arbitration proceedings in London is hereby granted. This action is hereby stayed until further order of this Court.

3. Motion to dismiss filed herein December 10, 1975, is hereby taken under advisement.

---

Fla. As neither of these issues were considered determinative to this Court in reaching its decision herein, this Court is of the opinion that plaintiff was not prejudiced by the granting of the protective order.