**METAL TRANSPORT CORP., as Charterer, Plaintiff,**

v.

**CANADIAN TRANSPORT CO., a Division of MacMillan Bloedel Limited, as Disponent Owner of the M/V EVERJUST, Defendant.**

**No. 81 Civ. 5873.**

United States District Court, S. D. New York.

Nov. 17, 1981.

Burlingham, Underwood & Lord, New York City, for plaintiff; Michael Marks Cohen, Walter H. Hinton II, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant; Jeffrey M. Aquilante, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Defendant Canadian Transport Co., a Canadian corporation, moves to vacate an at-

tachment of its bank account on the grounds that it could have been "found" within this district and therefore there was no basis for the attachment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and additionally because plaintiff failed to file prompt notice of the attachment as required by Rule 10 of the Local Rules for Admiralty Claims.

▮ To defeat a writ of attachment it is necessary for the defendant to show that it can be "found" within the district. This requirement has uniformly been held to present a two-pronged inquiry: first, whether the defendant has engaged in sufficient activity within the district to permit the Court to exercise in personam jurisdiction over the defendant, and second, if so, whether it can be found within the geographical confines of the district for the service of process.[1]

▮ The charter party out of which the instant controversy arises was signed in New York by the plaintiff and by States Navigation Corp., as broker, on behalf of defendant Canadian Transport Co. States Navigation Co. is a wholly-owned subsidiary of MacMillan Bloedel Industries, Ltd. ("MacMillan") and Canadian Transport Co. is a division of MacMillan. The charter called for the transport of scrap metal from Long Beach, California to Pusan, Korea. It appears, however, that the defendant regularly has vessels call at the Port of New York and Canadian Transport (N.Y.) Inc., also a subsidiary of MacMillan, acts as defendant's shipping agent in New York. Canadian Transport (N.Y.) has its offices at One World Trade Center, New York, New York. As shipping agent it arranges for the discharge and loading of cargo, including the hiring and paying of stevedores, handles the port-to-port operation of chartered vessels and monitors and reports to Canadian Transport Co. on the payment of freight monies deposited in the defendant's New York bank account. The area manager of Canadian Transport (N.Y.) Inc. is also the area manager of States Navigation Corp. and it was he who signed the charter as agent for the defendant.

It is clear that the defendant, both directly and through the acts of its authorized agents, conducts various activities in New York on a continuous and systematic basis, sufficient to make the defendant subject to this Court's in personam jurisdiction and therefore "present" in the jurisdictional sense within this district.[2] Similarly, it also appears that the defendant is present within this district for the purpose of the service of process since as a corporation service can be made upon it through its general agent in New York, Canadian Transport (N.Y.) Inc. The plaintiff had dealings with the general manager of Canadian Transport (N.Y.) in his capacity as general manager of States Navigation Corp. when he signed the charter party on behalf of the defendant. As can be expected, both firms share office space at One World Trade Center and in addition they have the same telephone number. The plaintiff could easily, therefore, have effected service on the defendant in this district.

Having determined that the defendant may be "found" within this district, it is unnecessary to consider the other ground offered for vacating the attachment.

Accordingly, the motion to vacate the attachment is granted, but only upon the condition that the order to be entered hereon contain a provision that the defendant appear generally and raise no issue as to this Court's jurisdiction of its person.[3]

So ordered.

1. *Seawind Compania, S. A. v. Crescent Line, Inc.*, 320 F.2d 580, 582 (2d Cir. 1963); *Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd.*, 476 F.Supp. 119, 122 (S.D.N.Y.1979); *United States v. Cia Naviera Continental S. A.*, 178 F.Supp. 561, 563 (S.D.N.Y. 1959).

2. *See United States v. Cia Naviera Continental S. A., supra*, 178 F.Supp. at 565.

3. *See Antco Shipping Co. v. Yukon Compania Naviera, S. A.*, 318 F.Supp. 626, 630 (S.D.N.Y. 1970); *United States v. Cia Naviera Continental, S. A., supra*, 178 F.Supp. at 566.