11-347-cv
Dominion Bulk Chartering Ltd. v. America Metals Trading LLP

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand eleven.

PRESENT: DENNIS JACOBS,
      <u>Chief Judge</u>,
  PIERRE N. LEVAL,
  ROBERT A. KATZMANN,
      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

DOMINION BULK CHARTERING LTD.,
  <u>Plaintiff-Appellant</u>,

  -v.-           **11-347-cv**

AMERICA METALS TRADING LLP,
  <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:    Peter Skoufalos (Patrick R. O'Mea, <u>on the brief</u>), Brown Gavalas & Fromm LLP, New York, New York.

FOR APPELLEE:    Garth S. Wolfson, Mahoney & Keane, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Dominion Bulk Chartering Ltd. appeals from the district court's judgment and order vacating the ex parte Process of Maritime Attachment and Garnishment that it obtained over the funds of defendant America Metals Trading LLP. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review for abuse of discretion the district court's decision to vacate the Process of Maritime Attachment and Garnishment. <u>Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.</u>, 585 F.3d 58, 66 (2d Cir. 2009) (mini in banc). We review the district court's underlying findings of fact for clear error. <u>Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.</u>, 460 F.3d 434, 439 (2d Cir. 2006), <u>overruled on other grounds by</u> <u>Jaldhi Overseas</u>, 585 F.3d at 61.

"Maritime attachments serve a dual purpose: first, to obtain jurisdiction of the defendant in personam through its property, and second, *only as an adjunct to obtaining jurisdiction*, to secure any eventual judgment in plaintiff's favor." <u>Amber Int'l Navigation, Inc. v. Repinter Int'l Shipping Co., S.A.</u>, No. 09 Civ. 3897, 2009 WL 1883251, at *2 (S.D.N.Y. June 30, 2009) (internal quotation marks and alterations omitted and emphasis added). "Accordingly, a Rule B attachment is available--pursuant to the express terms of the Rule--only if the defendant 'is not found within the district.'" <u>Id.</u> "[T]o be found within the jurisdiction so as to render an attachment inappropriate, the [defendant] must not only be found for service of process, but also be engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agent expressly authorized to accept process." <u>ProShipLine, Inc. v. Aspen Infrastructures, Ltd.</u>, 585 F.3d 105, 111-12 (internal quotation marks and footnote omitted); <u>see also</u> <u>STX Panocean (UK) Co. v. Glory Wealth Shipping Pte. Ltd.</u>, 560 F.3d 127, 130-31 (2d Cir. 2009) (per curiam). We have held that a defendant registered with New York's Department of State is "found" within the jurisdiction for

purposes of Rule B. STX Panocean, 560 F.3d at 133; see also Transfield ER Cape Ltd. v. Indus. Carriers, Inc., 571 F.3d 221, 224 (2d Cir. 2009).

In vacating the order of attachment, the district court evaluated "the entire record," including "the documents . . . presented," and the testimony given at an evidentiary hearing. J.A. Vol. II at 408. The district court's decision was not an abuse of discretion: America Metals has a general agent, America Metals Trading (USA) Inc., that is registered with New York's Department of State and is present and doing business in New York, J.A. Vol. I at 24; America Metals itself does business in New York, J.A. Vol. I at 23; at least some agreements between America Metals and Dominion Bulk provide for arbitration in New York, J.A. Vol. I at 33, 46; it was shown that the president of America Metals USA attends meetings in New York on a regular basis (and does so on behalf of America Metals), J.A. Vol. II at 328, 337, and that America Metals USA solicits business in New York on behalf of America Metals, J.A. Vol. II at 353.

Contrary to Dominion Bulk's objections, America Metals USA, acting as America Metals' registered general agent, could accept service of process in New York on behalf of America Metals. See Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa, 428 F. Supp. 1237, 1250 (S.D.N.Y. 1977) (stating that "in the case of a foreign corporation or partnership found to be doing business in New York by virtue of the activities of its local agent, proper service of process on that agent is considered valid service on the foreign defendant").

Finding no merit in Dominion Bulk's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3