Ingard O. JOHANNESEN, as Administrator of the Estate of John Ernest Church, Deceased, Libelant,

v.

GULF & SOUTH AMERICAN STEAMSHIP CO., Inc., Respondent.

United States District Court, S. D. New York.

Dec. 28, 1954.

Gay & Behrens, New York City, for libelant. Edward J. Behrens, New York City, of counsel.

Tompkins, Boal & Tompkins, New York City, for respondent. Arthur M. Boal, New York City, of counsel.

McGOHEY, District Judge.

These are motions to vacate service of the summons and complaint in a civil action, and of the citation and libel in a maritime cause, and for dismissal on the ground that defendant-respondent is not doing business within this State and hence is not amenable to service of process here.

Service was made on one "Richard C. Colton, Vice-President of Lykes Bros. Co., Inc., Agent for Gulf & South American Steamship Co." Respondent is a Louisiana corporation not licensed to do business within the State of New York. Plaintiff-libelant is administrator of the estate of John Ernest Church, appointed by a Louisiana Probate Court.

The specific questions raised by the motions are whether respondent carries on such regular business here and has such contacts with this jurisdiction as to make it fair and reasonable to subject it to suit in this district;[1] and if so, whether an officer of Lykes Bros. Co. as agent is a proper person to receive service of process.

On the question of "presence" plaintiff-libelant shows the following: respondent solicits cargo and freight through its agent Lykes Bros. Co., Inc., a New York corporation, with offices at 17 Battery Place; respondent's corporate name is listed in the New York telephone book, with the address given as 17 Battery Place; respondent's corporate name is listed on the building directory at 17 Battery Place as being the occupant of Room 1135, one room of the suite occupied by Lykes Bros. Co., Inc.; respondent lists itself in the New York Journal of Commerce and in the Shipping Digest as having an agent at 17 Battery Place, New York; on at least one occasion passage on one of respondent's vessel was arranged and paid for at the office it had in common with Lykes Bros. Co., Inc., after teletype confirmation from the head office; in return for such payment an exchange order was issued on one of respondent's printed forms available in the same office for that purpose, directing delivery of a passenger ticket upon presentation of the exchange order and signed by Gulf & South American S. S. Co., Inc., Lykes Bros. S. S. Co., Inc., Lykes Bros. Co., Inc. Agents, per one Vaughan as Agent at New York; substantial funds of the respondent are kept on deposit within this jurisdiction. Respondent admits that Lykes Bros. Co. solicits cargo and passenger traffic, and of the other allegations denies only that respondent maintains an office at 17 Battery Place and that Lykes Bros. Co., Inc. is an agent authorized to receive service of process.

Certainly there is enough of a showing here under the tests set out in International Shoe Co. v. Washington to find this defendant-respondent doing business in this jurisdiction through the activities in its behalf of the corporate agent Lykes Bros. Co., Inc., considered in conjunction with the other contacts respondent has with the jurisdiction.[2] As to the actual service of process, Lykes Bros. Co., Inc. the corporate agent was properly served under both Federal and Local law[3] through one of its officers. Furthermore both Federal and Local law[4] provide for service on the managing agent of a foreign corporation, and it has been held that the agent responsible for the activities upon which presence is predicated, here Lykes Bros. Co., Inc., is such a managing agent.[5] Accord-

1. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95.

2. International Shoe Co. v. Washington, supra, and cases considered therein as extended by Perkins v. Benguet Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L. Ed. 485.

3. Rule 4, subd. d (3, 7), Federal Rules of Civil Procedure, 28 U.S.C.A.; New York Civil Practice Act, § 228, subd. 8.

4. Rule 4, subd. d (3, 7), Federal Rules of Civil Procedure, 28 U.S.C.A.; New York Civil Practice Act, § 229, subd. 3.

5. Bomze v. Nardis Sportswear, 2 Cir., 1948, 165 F.2d 33.

ingly I find that Gulf & South American Steamship Co., Inc. was sufficiently "present" within this state to subject it to suit here and that service of process was properly effected upon an officer of the corporate agent within the state and was valid.

■ A second ground for vacating the service, mentioned in the notice of motion, although not urged either in the moving papers or on oral argument, is that the plaintiff is not a resident of New York and the cause of action arose outside of New York. Whatever bearing this may have on the question of "presence" has already been considered here and in the cases cited. If it was intended to be an argument to support a plea of forum non conveniens, it has not been pressed. Moreover there is no sufficient showing why this court should decline jurisdiction in view of the provisions of 46 U.S.C.A. §§ 688, 761, and 28 U.S.C. § 1391.

The motion to vacate service will be denied but without prejudice to respondent's right to seek removal or whatever other relief may be available to it on a showing of hardship or inconvenience.

Settle order.