398 F.2d 873
 STATE OF OREGON, By and Through its STATE HIGHWAY COMMISSION, composed of Glenn L. Jackson, Kenneth N. Fridley and David B. Simpson, Appellant,
v.
TUG GO GETTER et al., including Olson Towboat Co., a California corporation, Appellee.
 No. 22233.
 United States Court of Appeals Ninth Circuit.
 July 16, 1968.
 
 Robert Y. Thornton, Atty. Gen. of Oregon, George E. Rohde, Chief Counsel, Oregon State Highway Commission, Salem, Ore., William F. White (argued) of White, Sutherland & Gilvertson, Portland, Ore., for appellant.
 Walter H. Evans, Jr. (argued), Portland, Ore., Samuel L. Holmes of Angell, Adams & Holmes, San Francisco, Cal., for appellee.
 Before HAMLIN, MERRILL and ELY, Circuit Judges.
 HAMLIN, Circuit Judge.
 
 
 1
 State of Oregon, appellant herein, filed a libel in the District Court for the District of Oregon against tug GO GETTER, her engines, apparel and equipment, Sause Bros. Ocean Towing Co., an Oregon corporation, Oliver J. Olson & Co., a California corporation, and Olson Towboat Co., a California corporation, seeking damages as a result of a collision in the Coquille River of the barge J. WHITNEY (being towed by the tug GO GETTER) with appellant's bridge. The libel generally alleged that at the time of the collision the tug GO GETTER was owned by Sause Bros. Ocean Towing Co. and that the barge J. WHITNEY was owned by Oliver J. Olson & Co., a California corporation, and that an employee of Olson Towboat Co., appellee herein, was on board the tug GO GETTER and was either in sole control, or joint control with the master of the tug GO GETTER, of that tug. The libel further alleged that Oliver J. Olson & Co., a corporation, and appellee were California corporations and that appellee was the alter ego of Oliver J. Olson & Co.
 
 
 2
 Appellant, by filing an affidavit that Olson Towboat, appellee herein, could not be found within the district, then caused the district court clerk to issue a writ of foreign attachment. Pursuant to this writ a United States Marshal seized appellee's tug VIRGINIA PHILLIPS at Bandon, Oregon. Appellee moved to dissolve the writ. The district court considered affidavits filed by appellee, counter-affidavits by appellant, and reply affidavits, and granted the motion. Appellant filed a timely appeal to this court which has jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 As stated in Seawind Compania S.A. v. Crescent Line Inc., 320 F.2d 580, at 582 (2d Cir. 1963):
 
 
 4
 "* * * on motions to vacate foreign attachments, the essential issue before the district court is whether respondent could have been found within the district. We must affirm Judge Bonsal's determination that respondent-appellee could have been so found unless he applied an erroneous legal standard or his determination of subsidiary facts was clearly erroneous. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954); cf. Rule 52(a), Fed.R.Civ.P.
 
 
 5
 "The Admiralty Rules do not define the expression `found within the district.' In the cases construing Rule 2, however, the requirement is said to present `a two-pronged inquiry: first whether [the respondent] can be found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process.' United States v. Cia Naviera Continental S.A., 178 F.Supp. 561, 563 (S.D. N.Y.1959); see American Potato Corp. v. Boca Grande S.S. Co., 233 F. 542 (E.D.Pa.1916); Insurance Co. of North America v. Canadian American Navigation Co. (The Melmay), 1933 A.M.C. 1057."
 
 
 6
 The affidavits filed by appellee were sufficient to support a finding that appellee could be found within the district for purposes of jurisdiction. In the affidavits it was stated that the appellee was in the business of operating ocean-going tugs; that its principal customer was Oliver J. Olson & Co., but that it has and will tow for other persons or corporations; that it has for more than five years been doing business in Coos County, Oregon; that it employs Thomas Miller as its managing agent in the state of Oregon; that it maintains its Oregon office in Coos Bay in the Oliver J. Olson & Co. offices; that it maintains an account with the State Compensation Department of the State of Oregon; that it files information returns with the Tax Commission of the State of Oregon. The affidavits further alleged that Thomas Miller as the managing agent for appellee transacts business in the Coos Bay area for appellee, such as ordering fuel, repairs, replacements for its tugs and crews, taking applications for employment, and dispatching its tugs; and that Thomas Miller resides in the area near Coos Bay, has resided there for more than fifteen years, and is well known in the area as the managing agent for appellee.
 
 
 7
 As to whether appellee could have been found within the district for process purposes, the question before the court was as stated in United States et al. v. Cia. Naviera Continental S.A., 178 F. Supp. 561 at 565, "The precise question is whether `an officer, a managing or general agent' or other responsible representative of respondent could have been found in the district by the Marshal with reasonable diligence for service of process on respondent." (Emphasis added.)
 
 
 8
 The affidavits before the district court show, inter alia, the following facts: (1) On October 10, 1966, counsel for appellant wrote a letter addressed to Oliver J. Olson & Co. at 506 North Broadway, Coos Bay, Oregon, and Sause Bros. Ocean Towing Co. at Coos Bay, Oregon, advising of the happening of the accident with the bridge on October 4, in which it was generally stated that the appellant expected to hold them responsible for the damages, requesting that the matter be referred to their insurance carrier. (2) On October 12, in response to that letter, an attorney for appellee, one Mr. Holmes, telephoned counsel for appellant. Mr. Holmes told appellant's counsel that Oliver J. Olson & Co. and appellee were separate corporations, that Captain May had been the master of the tug JEAN NELSON owned by appellee, but that Captain May's employment ended when the tug and barge were brought into Bandon Harbor. Mr. Holmes further advised as to who was operating the tug GO GETTER and that he, Mr. Holmes, would provide additional information as to each company. Counsel for appellant, however, made no inquiry during this telephone conversation as to whether either company was doing business in Oregon or whether either company had an agent or employee upon whom process could be served in the state of Oregon. Mr. Holmes in no way refused to give any such information. (3) On October 12, the same day as the telephone conversation, Mr. Holmes wrote a letter to counsel for appellant giving him a full explanation of the facts as far as he had ascertained them at that time. The letter ended with the following statement: "If there is further information which we can provide please let us know." (4) The libel was filed on October 13, and there was filed on that day an affidavit by one of appellant's attorneys that Oliver J. Olson & Co. and appellee "cannot be found within the District of Oregon." Apparently at that time counsel for appellant had not made a diligent search, because the marshal served process on Tom Miller as the agent for Oliver J. Olson & Co. on October 14, at 5:15 p. m. However, on October 14 at 2:45 p. m. the marshal attached the tug VIRGINIA PHILLIPS apparently upon directions so to do by counsel for appellant.
 
 
 9
 Having in mind the above facts, together with the allegation in the libel that appellee was the alter ego of Oliver J. Olson & Co., we hold that there was ample support in the affidavits considered by the district court to support a finding of lack of reasonable diligence on the part of the appellant, a finding which is implicit in the order of the district court dissolving the writ of foreign attachment.
 
 
 10
 Judgment affirmed.