**OREGON LUMBER EXPORT COM-PANY, Plaintiff,**

v.

**TOHTO SHIPPING CO., Ltd., and Nara-saki Sangyo, K. K., Defendants.**

**Civ. No. 4097.**

United States District Court,
W. D. Washington.

July 1, 1970.

---

Floyd A. Frederickson, Portland, Or., Murray J. Anderson, Tacoma, Wash., for plaintiff.

John H. Bradbury, Seattle, Wash., for defendants.

## ORDER QUASHING ATTACHMENT AND GARNISHMENT AND STAYING PROCEEDINGS

BOLDT, Chief Judge.

Defendants TOHTO SHIPPING, CO., LTD. and NARASAKI SANGYO, K. K. have moved to quash plaintiff's attachment and garnishment of monies and to stay this case pending the outcome of arbitration under the charter party contract on which plaintiff's claims in this suit are based. Counsel for all parties have had ample opportunity to present memoranda of authorities, affidavits and oral argument, all of which the Court has fully considered.

■■■ Supplemental Rule B, F.R. Civ.P., permits attachment and garnishment of monies and other property of a defendant in admiralty and maritime claims brought in personam, but only " * * * if the defendant shall not be found within the district." A defendant corporation is "found" within the jurisdiction of a federal district court if in the recent past it has conducted substantial commercial activities in the district and probably will continue to do so in the future. Murphy v. A/S Sobral, 283 F.2d 392 (1st Cir. 1960); United States v. Cia. Naviera Continental S. A., 178 F. Supp. 561 (S.D.N.Y.1959); Murphy v. Arrow Steamship Co., 124 F.Supp. 199 (E.D.Pa.1954). Upon the showing of record in the present case, the Court finds that defendants at all material times were doing sufficient business within this district so as to be "found" therein within the meaning of Supplemental Rule B. Accordingly, attachment and garnishment were not authorized and should be quashed.

■■■ The basic question presented by defendants' motion for a stay order pursuant to 9 U.S.C. § 3 is whether parties to a charter party contract should be determined in arbitration proceedings or by the Court. Paragraph 23 of the charter party expressly provides: "Any dispute arising from this Charter shall be submitted to arbitration * * *" A party asserting a claim upon a contract containing an arbitration clause must comply therewith, as well as with all other material terms of the contract. Tepper Realty Company v. Mosaic Tile Company, 259 F.Supp. 688 (S.D.N.Y. 1966); Kulukundis Shipping Co. S/A v. Amtorg Trading Corp., 126 F.2d 978 (2nd Cir. 1942). On the present record, neither plaintiff nor either defendant has disclaimed being a party to the charter party in question or has denied validity of the arbitration clause. In these circumstances, predetermination of parties to the contract by the Court is not required. Accordingly, this case should be stayed pending arbitration proceedings.