**Domenico SERPE, Plaintiff,**

v.

**EAGLE OCEAN TRANSPORT AGENCY CO., Inc., Orient Mid-East Lines, Inc., Orient Mid-East U.K., Ltd., and S.S. ORIENT MARINER, Defendants and Third Party Plaintiffs,**

v.

**KENOSHA AUTO TRANSPORT CORPORATION, a Wisconsin corporation, formerly known as Jupiter-Kenosha, Inc., a Wisconsin corporation, Third Party Defendant.**

**No. 68-C-336.**

United States District Court,
E. D. Wisconsin.

Jan. 21, 1971.

Baker, Juliani, Stanhope, Joling & Greco, Kenosha, Wis., for plaintiff.

Ben Slater, Milwaukee, Wis., for defendants.

Davis, Kuelthau, Vergerant & Stover, Milwaukee, Wis., for third party defendant.

## OPINION AND ORDER

TEHAN, District Judge.

This is an action in personam for damages for injuries allegedly sustained by plaintiff in the course of his employment by Kenosha Auto Transport Corporation while loading cargo on the dock of the S. S. "Orient Mariner", on November 18, 1965. The case was commenced against these defendants: Eagle Ocean Transport Agency, Inc., Orient Mid-East Lines, Inc., Orient Mid-East U.K., Ltd. and the S. S. "Orient Mariner." The defendants answered, inter alia asserting jurisdictional defenses and filed a third party complaint against Kenosha Auto Transport Corporation.

Thereafter defendants, joined by the third party defendant, moved to quash service of process on Orient Mid-East Lines, Inc. and S. S. "Orient Mariner" on the ground that these parties were not properly served and for summary judgment in favor of Eagle Ocean Transport Agency, Inc. and Orient Mid-East U. K., Ltd. on the ground that these parties were mere husbanding agents of the ship owner and had no liability to plaintiff.

Plaintiff concedes lack of proper service on the vessel S. S. "Orient Mariner" and lack of liability of the husbanding agents. Thus, the only issue remaining on the motions is the propriety of service on the vessel owner, Orient Mid-East Lines, Inc., the sole remaining defendant.

The record and supporting affidavits offered by defendants on the motions show that Orient Mid-East Lines, Inc. (the Owner) is a corporation of Panama. The Owner appointed Eagle Ocean Transport Inc. (Eagle, New York), a Delaware corporation with offices in New York, as its sole general agent in the United States of America.

Eagle, New York, appointed Eagle Ocean Transport Agency, Inc. (Eagle, Wisconsin), a Wisconsin corporation separate from that of Eagle, New York, as a sub-agent or husbanding agent, to perform certain limited duties in connection with vessels of the Owner, when said vessels were in Wisconsin ports. These duties consisted of being in attendance at loading and unloading, attending to the solicitation of cargo to be carried about the vessels and to purely local crew matters that might arise in Wisconsin ports and handling customs and immigration matters. Eagle, Wisconsin has not been authorized by the Owner or by Eagle, New York to exercise any general powers involving judgment or discretion, to do any chartering of any vessels of the Owner, to decide or determine freight rates or ports of call or the nature of the cargo to be carried or to accept service of process on behalf of the Owner.

Three copies of the summons and complaint were served on one Elias Pendias, the manager of Eagle, Wisconsin. There also was service on Attorney Ben Slater,

the registered agent for Eagle, Wisconsin. Since plaintiff relies only on service of process on Eagle, Wisconsin, as the alleged managing agent for the Owner, the facts concerning other attempted service are not material. It is conceded that there was no attempted service on the Owner or on Eagle, New York, its managing agent for the United States, and that the vessel was not in any port of Wisconsin at the time of service of process on Eagle, Wisconsin.

Defendants contend that the facts of record establish that none of the persons or parties on whom service was made, particularly Eagle, Wisconsin, has the status of officer, director or managing agent authorized to accept service of process binding on the Owner, under Rule 4(d) .(3), (7), Federal Rules of Civil Procedure or § 262.06(5), Wis. Stats.

Plaintiff has offered no counter affidavits and submits that, on the facts of record and offered by defendants, it is shown that there was proper service on the Owner in that Eagle, Wisconsin is to be deemed a managing agent of the Owner.

■■ The weight of authority holds that a mere sub-agent or husbanding agent, charged with duties such as those performed by Eagle, Wisconsin, is not deemed to have the status of managing agent authorized to accept service of process that would bind the corporation owning the vessel. See for example, Amicale Industries, Inc. v. S. S. Rantum, 259 F.Supp. 534 (D.S.Car.1966); Granite Chemical Corp. v. Northeast Coal & Dock Corp., 249 F.Supp. 597 (D.Me. 1966); George H. McFadden & Bros. v. The M/S Sunoak, 167 F.Supp. 132 (E.D. Va.1958); Miller v. Sultana, 79 F. Supp. 877 (W.D.N.Y.1948). And see particularly, Thyssen Steel Corp. v. Federal Commerce & Navigation Co., 274 F. Supp. 18, 20 (S.D.N.Y.1967), distinguishing cases in which service on a husbanding agent had been held effective service on the ground that said sub-agents performed additional services for the party sought to be charged. In addition to the cases distinguished in *Thyssen*, it is noted that the principal had the same office address as the agent and listed itself as having an agent at that address in Johannesen v. Gulf & South American Steamship Co., 126 F. Supp. 664 (S.D.N.Y.1954). In Ivanhoe Trading Co. v. M/S Bornholm, 160 F. Supp. 900 (S.D.N.Y.1957) the activities of the principal handled by the agent were systematic and regular, rather than sporadic and the agent collected and disbursed funds. A broker was deemed a managing agent where he paid bills submitted by the master of the vessel, hired seamen and had the right to decide where the vessel was to go in Arpad Szabo v. Smedvig Tankrederi A. S., 95 F.Supp. 519 (S.D.N.Y.1951). And, in Kane v. Union of Soviet Socialist Republics, 267 F.Supp. 709 (E.D.Pa.1967), the agent was required to take all necessary steps to protect the interest of the foreign vessels in connection with all possible claims against them.

Plaintiff has failed to show any facts concerning the activities of Eagle, Wisconsin from which the status of managing agent may be inferred. For the purpose of the pending motions the court must find on this record that service on Eagle, Wisconsin did not confer personal jurisdiction over the Owner, Orient Mid-East Lines, Inc. See Thyssen Steel Corp. v. Federal Commerce & Navigation Co., *supra*, 274 F.Supp. at p. 20. Accordingly, the motion to quash service on Orient Mid-East Lines, Inc. must be and it is hereby granted.

The parties having advised the court that the statute of limitations on plaintiff's claim has expired and there remaining no other defendants in the case,

Now, therefore, it is ordered that the action be and it is hereby dismissed.