**COBELFRET–CIE BELGE, Plaintiff,**

v.

**SAMICK LINES CO., LTD., Defendant.**

**TARPON SHIPPING COMPANY, Plaintiff,**

v.

**SAMICK LINES CO., LTD., Defendant.**

**Admiralty Nos. C81–1365B, C81–1382B.**

United States District Court, W. D. Washington.

May 20, 1982.

---

Robert M. Kraft of Detels, Draper, Madden & Crockett, Seattle, Wash., in both cases, for plaintiffs.

Robert W. Nolting & Thomas F. Paul of LeGros, Buchanan, Paul & Whitehead, Seattle, Wash., for defendant.

## MEMORANDUM DECISION

BEEKS, Senior District Judge.

In two separate actions which the Court has consolidated for the purpose of this memorandum, plaintiffs Cobelfret-Cie Belge (No. C81–1365) and Tarpon Shipping Co. (No. C81–1381) each sued defendant Samick Lines, alleging a breach of their respective charters. Pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, Fed.R.Civ.P., and LAR 15, Local Rules W.D.Wash., plaintiffs each attached the M/S SAMICK ATLANTIC, a vessel owned by defendant and then anchored in Elliott Bay at Seattle, Washington. The attachments were subsequently lifted after defendant posted bonds covering each plaintiff's claim.

Defendant now moves the Court to quash the attachments and release the security.

On motions to vacate foreign attachments, the central issue is whether the defendant could have been found in the

district. *Oregon v. The Tug GO GETTER*, 398 F.2d 873, 874 (9th Cir. 1968). Supplemental Rule B states:

> With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's goods and chattels, or credits and effects in the hands of the garnishees named in the complaint to the amount sued for, if the defendant shall not be found within the district.

Supp. R. B., Fed. R. Civ. P. The rule does not define "found within the district." However, in cases construing Rule B's precursor, Admiralty Rule 2, the requirement presented a two-pronged inquiry: first, whether the respondent could be found within the district in terms of jurisdiction, and second, whether it could be found for service of process. 398 F.2d at 874; *see generally Grand Bahama Petroleum Co. v. Canadian Transportation Agencies*, 450 F.Supp. 447, 452–53 (W.D.Wash.1978). A corporation is found within the court's jurisdiction if in the recent past it has conducted commercial activity within the district and will probably continue to do so in the future. *Oregon Lumber Export v. Tohto Shipping Co.*, 53 F.R.D. 351 (W.D.Wash. 1970). In 1981, the defendant's vessels made eighteen voyages to Washington ports to take on cargo. These ports included Aberdeen, Kalama, Longview, Port Angeles, Tacoma, Vancouver, and Seattle. By so doing, defendant systematically conducted business within the state and therefore subjected itself to the exercise of the Court's *in personam* jurisdiction. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 289, 100 S.Ct. 559, 563, 62 L.Ed.2d 490, 496 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Accordingly, the first prong of the test (which plaintiffs do not contest) is met.

■ The test's second prong, whether Samick could be found for service of process within the district, is sharply contested. Defendant contends it was amenable to service of process through its local port agent, Olympic Steamship Company. Generally, in order to serve a party through its subagent, an agent's actions must be substantial, continual and on more than just a ship-to-ship basis. *Marvirason Compania Naviera, S.A. v. H. J. Baker & Bro.*, 1979 A.M.C. 625, 628 (S.D.N.Y.1978). Although some courts have found that service upon a local port agent providing ordinary husbanding services on a ship-to-ship basis is valid service on a foreign shipowner, *see, e.g., Murphy v. Arrow Steamship*, 124 F.Supp. 199, 1954 A.M.C. 1423 (E.D.Pa. 1954), the majority of courts have held that subagents or husbanding agents are not authorized to accept service of process which will bind the vessel's owner. *See Serpe v. Eagle Ocean Transport Agency Co.*, 53 F.R.D. 21, 1971 A.M.C. 748 (E.D.Wis. 1971); *Amicale Industries, Inc. v. The S.S. Rantum*, 259 F.Supp. 534, 1967 A.M.C. 96 (D.S.C.1966).

■ Having reviewed the file and the briefs herein, I find that the defendant could not be found with reasonable diligence within the district for service. *Tug GO GETTER* at 398 F.2d 874. Before the SAMICK ATLANTIC was attached, plaintiff's counsel checked the following in an unsuccessful attempt to locate the defendant in the district: (1) the 1981 List of Active Corporations in the State of Washington, (2) the 1980 Coast Marine Transportation Directory, (3) the 1979–80 Pacific Coast Maritime Directory, (4) Pacific Northwest Bell telephone book and the Information operators, (5) Pacific Marine Directory, (6) Shipping News Directory, (7) Lloyd's Shipping Directory, (8) Northwest Shipping Directory, and (9) the Seattle City Directory. Counsel also contacted the Corporate Records Division of Washington's Secretary of State and was advised that Samick Lines was not qualified to do business in Washington and had not appointed a registered agent to receive process.

Finally, neither the Affidavit of Gordon Cleverdon, Olympic Steamship's Vice President, nor his deposition and the exhibits attached indicated that Olympic had specific authority, express or implied, to receive service of process. *See generally 2 Moore's Federal Practice* ¶ 4.22[1] (2d ed. 1982).

Accordingly, defendant's motions to quash attachment and release security are denied.