The WEST OF ENGLAND SHIP OWN-ERS MUTUAL INSURANCE ASSO-CIATION (LUXEMBOURG)

v.

McALLISTER BROTHERS, INC.

v.

McALLISTER TOWING AND TRANSPORTATION CO., INC.

and

Masters of the Tugs "John Doe" and "Jane Doe."

Civ. A. No. 93–3912.

United States District Court, E.D. Pennsylvania.

July 26, 1993.

Richard Q. Whelan, Palmer, Biezup & Henderson, Philadelphia, PA, for plaintiff.

Mary Elisa Reeves, Philadelphia, PA, for defendants.

### MEMORANDUM

BARTLE, District Judge.

Plaintiff, The West of England Ship Own-ers Mutual Insurance Association (Luxem-

bourg) ("West of England"), has filed a verified complaint contending that the defendants owe it over $1,200,000 in calls or premiums under a maritime insurance contract. Upon the filing of the complaint, plaintiff, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule B"), obtained from the Court an Order attaching two tugs, *The Eric McAllister* and *The James McAllister*, which are owned by defendant McAllister Towing and Transportation Co., Inc. Under the attachment, the tugs may not leave the Eastern District of Pennsylvania. Before the Court is a motion of the defendant McAllister Towing and Transportation Co., Inc. to vacate the attachment. A hearing was held before this court on July 23, 1993.

> Rule B provides in relevant part as follows: With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's goods and chattels ... to the amount sued for, if the defendant shall not be found within the district.

As authorized by Rule B, the complaint was accompanied by an affidavit of the plaintiff's attorney setting forth in detail the various efforts made by the plaintiff's counsel in attempting unsuccessfully to locate defendant within the district. Defendant contends that it is "found" within the district and therefore that its tugs are not subject to attachment. In support of its position, defendant has filed an affidavit.

■ In considering a motion to vacate an attachment, the critical question is whether the defendant can be "found within the district." *Seawind Compania, S.A., v. Crescent Line, Inc.*, 320 F.2d 580, 582 (2d Cir.1963). The Supplemental Rules of Certain Admiralty and Maritime Claims do not define that term. However, courts considering the issue have determined that a defendant is found within the district only when (1) it is subject to *in personam* jurisdiction *and* (2) it can be found for service of process within the district. *Id.; see also* 7A Moore's Federal Practice B.06, p. B251.

There is no dispute that the defendant can be found for jurisdictional purposes within the district. "A defendant is found within the jurisdiction of a federal district court if in the recent past it has conducted substantial commercial activities in the District and will continue to do so in the future." *Oregon Lumber Export Co. v. Tohto Shipping Co.*, 53 F.R.D. 351, 352 (W.D.Wash.1970). According to its uncontested affidavit, the defendant McAllister Towing and Transportation Co., Inc., a Delaware corporation with offices in the city of New York, owns various tugboats including *The James McAllister, The Eric McAllister, The Theresa McAllister*, and *The Patrick McAllister* which provide docking and towing services on the Delaware River. The defendant's affidavit further declares that, "these tugboats regularly do business within Pennsylvania, calling on various commercial shipping terminals on the Pennsylvania side of the Delaware River" including terminals in Philadelphia, Chester, and Marcus Hook, all within the Eastern District of Pennsylvania. As stated above, defendant is present for jurisdictional purposes.

■ Therefore, the only issue before the court is whether the defendant can be found within the district for service of process. Service upon a corporation may be made upon an officer, a managing or general agent or any other agent authorized by appointment or by law to receive service of process. *Seawind*, 320 F.2d at 582; Fed.R.Civ.P. 4(d). Defendant does not contend that it has an office or registered agent here. Rather, defendant argues that it can be found for service of process by virtue of the fact that an assistant vice president of the corporation, A.J. McAllister, III, resides in Newtown Square, Pennsylvania, within the Eastern District of Pennsylvania. There is no serious dispute that an assistant vice president is an officer for purposes of service of process.

Plaintiff contends that the attachment should stand nonetheless because Mr. McAllister could not have been found through due diligence. The Court of Appeals of this Circuit has yet to address the question of whether Rule B incorporates a due diligence requirement. Nevertheless, other courts and commentators have concluded that a defendant's presence within a district for purposes of service of process will not enable the

defendant to set aside the attachment if plaintiff establishes that it would not have uncovered that presence through the exercise of due diligence. 7A Moore's Federal Practice B.06, p. B252. *See also Oregon by State Highway Com. v. Tug Go Getter,* 398 F.2d 873 (9th Cir.1968), *Iolkos Cia. Nav. v. Gen. Prod. Tankers,* 1979 AMC 1143, 1144 (S.D.N.Y.1979). Defendant has not provided, nor has the court found, any authority to the contrary.

■ In order to satisfy the due diligence requirement, plaintiff must make a bona fide effort to locate the defendant within the district. *Iolkos Cia. Nav.* 1979 AMC at 1146; *Seawind,* 320 F.2d at 582. In the present case, plaintiff has made such efforts. According to the affidavit of plaintiff's counsel, he searched but found no listing in the telephone directories in the Philadelphia area for any of the defendants. Directory information likewise had no listings except for the defendant McAllister Brothers, Inc. for a place of business outside the Eastern District of Pennsylvania. Plaintiff's counsel also consulted the Ports of Philadelphia Maritime Exchange 1992 Port Directory, which identified McAllister Brothers, Inc. with a place of business located in Camden, New Jersey and defendant McAllister Towing and Transportation Co., Inc. with a place of business in the city of New York. However, that directory did provide a Philadelphia telephone number for McAllister Brothers, Inc. It is uncontested that this number is merely a tie-line into the company's New York office. Further, plaintiff's counsel contacted the Corporation Bureau of the Pennsylvania Department of State in Harrisburg. It advised him that McAllister Brothers, Inc. was a Delaware corporation and had no officers listed although it did have an address for that defendant at the Mall Building, 325 Chestnut Street, Philadelphia, Pennsylvania. Additional investigation by plaintiff revealed that that defendant no longer had an office at the foregoing address, was not listed on the building directory, and according to the building security officer, defendant had not had an office in that building "for years." Moreover, the Pennsylvania Corporation Bureau had no information on McAllister Towing and Transportation Co., Inc.

In checking with the New Jersey Secretary of State, plaintiff's counsel learned that the defendant McAllister Brothers, Inc. was a Delaware corporation with a registered agent located in Newark, New Jersey. The New Jersey Secretary of State had no information concerning the defendant McAllister Towing and Transportation Co., Inc. Plaintiff's counsel also checked with the Secretary of State of Delaware. That inquiry did not lead to any place of business in the Eastern District of Pennsylvania.

Defendant contends that plaintiff's search was deficient because plaintiff's attorney did not look in the telephone directory covering Newtown Square, Pennsylvania where A.J. McAllister, III was listed. This court disagrees. First, there is no evidence that plaintiff was aware that Mr. McAllister was an officer of defendant or that plaintiff could have obtained this information through due diligence. In addition, even if plaintiff should have had this information, due diligence does not require it to search through the plethora of telephone directories for the home address of each officer to determine if one resides within the ten counties of the Eastern District of Pennsylvania, which has a population of over 5,100,000 people and encompasses approximately 5,493 square miles.

■ Defendant further contends that plaintiff should have called the Philadelphia number for McAllister Brothers, Inc. which was listed in the Philadelphia Maritime Exchange. As stated above, defendant conceded that that number is merely a tie-line to the New York office of McAllister Brothers, Inc. It is highly doubtful that the New York office would have been willing, even if able, to provide to a stranger the home telephone number or address of an officer of the related company of McAllister Towing and Transportation Co., Inc. Due diligence merely requires reasonable efforts. It does not demand that plaintiff exhaust every conceivable source of information. Furthermore, it would be unduly burdensome, and defeat the purpose of Rule B, to require a plaintiff to alert a defendant of an impending attachment by requesting from that defendant the

home address of someone capable of accepting service of process.

In conclusion, because defendant could not have been found within the district through the exercise of reasonable diligence, defendant's motion to vacate the attachment will be denied.