64 F.3d 150
 1995 A.M.C. 2671
 MARITRANS OPERATING PARTNERS LIMITED PARTNERSHIP, Plaintiff-Appellee,
v.
The M/V BALSA 37, her engines, tackle, furnishings, etc., in
rem; Tsacaba Shipping Company, Incorporated, in
personam; Dowa Line Company, Limited,
in personam, Defendants-Appellants.
BOUCHARD TRANSPORTATION COMPANY, INCORPORATED; Tug Captain
Fred S. Bouchard Corporation; Barge B. No. 155
Corporation, Plaintiffs-Appellees,
v.
The M/V BALSA 37, her engines, tackle, furnishings, etc., in
rem; Tsacaba Shipping Company, Incorporated, in
personam; Dowa Line Company, Limited,
in personam, Defendants-Appellants.
MARITRANS OPERATING PARTNERS LIMITED PARTNERSHIP; Bouchard
Transportation Company, Incorporated; Tug Captain
Fred S. Bouchard Corporation; Barge B.
No. 155 Corporation,
Plaintiffs-Appellees,
v.
The M/V BALSA 37, her engines, tackle, furnishings, etc., in
rem; Tsacaba Shipping Company, Incorporated, in
personam; Dowa Line Company, Limited,
in personam, Defendants-Appellants.
 Nos. 93-2063, 93-2068 and 93-2201.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 13, 1994.
Decided Sept. 5, 1995.
 
 ARGUED: Walter Bramblette Martin, Jr., Vandeventer, Black, Meredith & Martin, Norfolk, VA, for appellants. John R. Crumpler, Jr., Kaufman & Canoles, P.C., Norfolk, VA, for appellees. ON BRIEF: Patrick H. O'Donnell, Kaufman & Canoles, P.C., Norfolk, VA; James L. Chapman, IV, David H. Sump, Crenshaw, Ware & Martin, Norfolk, VA; William L. Juska, Jr., Freehill, Hogan & Mahar, New York City, for appellees.
 Before WIDENER and LUTTIG, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.
 Reversed by published opinion. Judge WIDENER wrote the opinion, in which Judge LUTTIG and Judge TURK concurred.
 OPINION
 WIDENER, Circuit Judge:
 
 
 1
 This case is before us on a certified interlocutory appeal, pursuant to 28 U.S.C. Sec. 1292(b), from the United States District Court for the Eastern District of Virginia. We are asked to review the attachment of a vessel pursuant to Supplemental Admiralty Rule B of the federal rules and Local Admiralty Rule (b)(1) of the Eastern District of Virginia. Because we read the local rule literally, we answer the certified question in the affirmative, and the district court's August 25, 1993 order of attachment must be quashed.
 
 
 2
 * On August 10, 1993, a shipping accident occurred in Tampa Bay, Florida, involving an out-going cargo vessel (the M/V BALSA 37), owned by Tsacaba Shipping Co. (Tsacaba) and operated by Dowa Line Co. (Dowa), and two incoming tugs and barges, one owned by Bouchard Transportation Company, Inc. (Bouchard) and the other by Maritrans Operating Partners, L.P. (Maritrans).[1] The collision caused physical damage to both barges and resulted in a substantial oil spill. On August 11 and 17, respectively, Maritrans and Bouchard filed complaints in the United States District Court for the Middle District of Florida against Tsacaba and Dowa in personam, and the M/V BALSA 37 in rem asserting that the M/V BALSA 37 was at fault in the collision.[2] Both plaintiffs alleged that Tsacaba was liable for the physical damage caused by the collision and the anticipated liability to third parties arising from the oil spill.[3]
 
 
 3
 On August 17, apparently in an effort to ensure payment of any future judgment against the foreign companies,[4] Maritrans filed a verified complaint in the Eastern District of Virginia seeking to attach, under Supplemental Admiralty Rule B(1), a vessel (the M/V BALSA 39)[5] owned by Tsacaba which was currently in waters within the Eastern District of Virginia. Rule B of the Federal Supplemental Rules for Certain Admiralty and Maritime Claims provides, in pertinent part, for attachment of vessels as follows:
 
 
 4
 (1) When Available; Complaint, Affidavit, Judicial Authorization, and Process. With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district. Such a complaint shall be accompanied by an affidavit signed by the plaintiff or the plaintiff's attorney that, to the affiant's knowledge, or to the best of the affiant's information and belief, the defendant cannot be found within the district. The verified complaint shall be reviewed by the court and, if the conditions set forth in this rule appear to exist, an order so stating and authorizing process of attachment and garnishment shall issue. (emphasis added)
 
 
 5
 In accordance with Rule B, Maritrans filed an affidavit stating that upon diligent efforts and inquiry, Tsacaba could not be found within the district. Upon finding the verified complaint and affidavit in compliance with Supplemental Admiralty Rule B, the district court issued an order directing the clerk to issue process of attachment. The attachment was served on the M/V BALSA 39 by the U.S. Marshal at approximately 6:00 a.m. on August 20 as the vessel passed through the Virginia Capes inbound for Baltimore. The ship then went to Newport News, Virginia and moored.
 
 
 6
 Later that same day, Tsacaba made a motion to quash the attachment and the district court immediately held a hearing. Tsacaba argued that a Rule B attachment was improper because it was "found within the district" within the meaning of Admiralty Rule B because there were two statutory agents, the Secretary of the Commonwealth and the Clerk of the State Corporation Commission, who were available for service of process within the district. Tsacaba also argued that an attachment requested merely to gain security over a foreign defendant is not proper under Admiralty Rule B. The court, ruling from the bench, denied the motion to quash but required Maritrans to post a $100,000 bond by Monday, August 23, to cover the costs and expenses of the attachment. A bond hearing for release of the vessel was also set for Monday, August 23.
 
 
 7
 At the August 23 hearing the court allowed Tsacaba to reargue its motion to quash the attachment. Tsacaba argued that Local Admiralty Rule (b)(1)[6] for the Eastern District of Virginia defined "not found within the district" under Rule B so that the availability of service of process on a statutorily appointed agent pursuant to Rule 4(d) (the Clerk of the Corporation Commission) deemed it found within the district making the attachment improper. By written order dated August 25, the court denied Tsacaba's motion to quash the writ of attachment under the local rule. The court reasoned that allowing substituted service of process under Rule 4(d) to satisfy the Rule B "not found within the district" language as interpreted by Local Rule (b)(1) would defeat the intent of a Rule B admiralty attachment because such attachment could be defeated in any case where a defendant did business in the district. The court also required Maritrans to post a $100,000 bond as security for costs to preserve the attachment; set bond in the amount of $3.6 million for release of the vessel under Rule E(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and transferred the case to the Middle District of Florida.[7]
 
 
 8
 On August 24, Tsacaba sent a letter to the court requesting reconsideration of the decision denying the quashing of the attachment, and also filed an emergency appeal to this court. On August 27 this court, having no jurisdiction, declined to stay the order denying the motion to quash. Later that day, Tsacaba put up the bond and the M/V BALSA 39 was released. On August 30, the district court heard Tsacaba's motion to reconsider its August 23 decision and Tsacaba's motion to certify the issue on interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b). By order dated August 31, 1993, the court refused to reconsider its August 25 ruling that Tsacaba was not found within the district under Supplemental Admiralty Rule B. It found explicitly that "... for the purposes of this motion to quash, defendants Tsacaba and Dowa did business in Virginia." By separate order on that date, the district court found that its decision not to vacate the attachment of the M/V BALSA involved a controlling question of law as to which there was substantial grounds for difference of opinion and thus certified an immediate appeal to this court.
 
 II
 The question certified to this court is:
 
 9
 If the defendants are correctly found by the court to be doing business in this District at the time of a Rule B attachment, should Local Admiralty Rule (b)(1) be read in conjunction with Supplemental Admiralty Rule B so as to render the availability of service upon the Clerk of the Virginia State Corporation Commission as meaning that the defendants may be found within the District as that term is used under Rule B. If the answer is in the affirmative, the attachment must be quashed.
 
 
 10
 The interpretation of Supplemental Admiralty Rule B and Local Admiralty Rule (b)(1) is a legal question which we review de novo.[8] See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 545-46 (4th Cir.1993).
 
 
 11
 Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims provides for attachment of a defendant's goods and chattels "if the defendant shall not be found within the district." Fed.R.Civ.P. Supp. Admr. Rule B. As the Advisory Committee's Notes point out, the rules have never defined nor do the notes attempt to define the clause "shall not be found within the district." Instead the subject is left for development on a case-by-case basis.[9] Rule B Advisory Committee's Notes. The Eastern District of Virginia has chosen to define the clause in its Local Admiralty Rules (LAR) for cases in its jurisdiction as follows:
 
 
 12
 LAR (b)(1) "Not Found Within the District" Defined. A defendant is considered to be "not found within the district" if, in an action in personam, the defendant cannot be served with the summons and complaint as provided in Federal Rule 4(d).
 
 
 13
 E.D. VA. ADMR. R. (b)(1) (emphasis added). It follows that, under the Local Rule attachment pursuant to Rule B is not proper if a defendant can be served in accordance with Fed.R.Civ.P. 4(d).[10] Rule 4(d),[11] of course, provides for service of process upon a foreign corporation
 
 
 14
 by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant[.]
 
 
 15
 (Emphasis added.) Tsacaba contends that because the Clerk of the State Corporation Commission is statutorily appointed under the Virginia Code to accept service of process, he is found within the district under Supplemental Admiralty Rule B as interpreted by LAR (b)(1). We agree. Virginia Code Section 13.1-758 F provides for substituted service on the Clerk of the State Corporation Commission where a foreign corporation without certificate of authority transacts business in the Commonwealth but has no director, officer or agent within the Commonwealth on which to serve process.[12] Clearly, Tsacaba had an agent authorized by law upon which to serve process under Rule 4(d), and thus does not fall within the LAR's definition of "not found within the district" under Admiralty Rule B. Accordingly, the attachment should not have issued, because a statutory agent, the Clerk of Commission, was found within the district, in Richmond.
 
 
 16
 The district court chose not to follow this plain reading of the Local Admiralty Rule, noting that the policy of quick and easy maritime attachments under Rule B would be thwarted if a defendant was found within the district by service of process on all statutory substituted agents. Where the federal rule and the local rule are not inconsistent, which these are not, the clear language of the local rule dictates our decision, and we leave any modification of the local rule to the district which promulgated it. See Fed.R.Civ.P. 83 (permitting each district to adopt local rules not inconsistent with the Federal Rules); Jackson v. Beard, 828 F.2d 1077, 1078-80 (4th Cir.1987) (local rules have the force and effect of law and are binding upon the parties and the court which promulgated them) (citation omitted).[13]
 
 
 17
 The order of the district court appealed from is accordingly
 
 
 18
 REVERSED.
 
 
 
 [1]
 An unexpected maneuver of the M/V BALSA 37 allegedly caused Maritrans' tug and barge to turn and strike the Bouchard tug and barge
 
 
 [2]
 We may hereafter refer to plaintiffs-appellees Bouchard and Maritrans collectively as "Maritrans," and defendants-appellants Tsacaba, Dowa, and the M/V BALSA 37 as "Tsacaba."
 
 
 [3]
 In addition to physical damage valuations and repairs, Bouchard has claimed cleanup costs of approximately $16 million and Maritrans has claimed such costs in excess of $12 million
 
 
 [4]
 Defendant-appellant Tsacaba has its principal place of business in Manila, Philippines
 
 
 [5]
 The M/V BALSA 39 was not involved in the Tampa Bay collision
 
 
 [6]
 The full text of the Eastern District of Virginia's Local Admiralty Rule (b)(1) is set out in Part II of this opinion
 
 
 [7]
 The order to transfer was vacated on August 31 so that the court could consider the motion to reconsider and certify
 
 
 [8]
 Maritrans initially argues that the certified question need not be reached because Tsacaba was not "transacting business" in Virginia such that any statutory agent was subject to service of process under the longarm statute, and thus Tsacaba was not "found within the district" for purposes of Rule B. This argument is without merit. On the facts provided in Maritrans' sworn affidavit and verified complaint, the district court properly found that Tsacaba was doing business in the Commonwealth and the court was correct in not allowing Maritrans to change the affidavit facts later for purposes of defeating Tsacaba's motion to quash the attachment
 
 
 [9]
 In jurisdictions in which there is no local admiralty rule on point, federal case law has developed a two part test for determining whether a defendant can be found "within the district." First, can the defendant be found within the district in terms of jurisdiction (minimum contacts), and second, can the defendant be found within the district for service of process. If the answer to both is yes, the defendant can be found within the district and attachment is not proper. See LaBanca v. Ostermunchner, 664 F.2d 65, 67 (11th Cir.1981); Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir.1963); K/S Ditlev Chartering A/S & Co. v. Egeria, 1982 AMC 1817, 1818 (E.D.Va.1982) (decided prior to adoption of the Local Admiralty Rules in February 1989). We note that Seawind Compania apparently held that a statutory agent with a State, although in a different district, would mean that the defendant was nevertheless "found within the district."
 
 
 [10]
 We note that service of process under the methods provided in Fed.R.Civ.P. 4(d) has been acknowledged as satisfying the Rule B "not found within the district" language under the federal case law where the jurisdictional prong (minimum contacts) has also been met. Seawind Compania, S.A., 320 F.2d at 582
 
 
 [11]
 As of the 1993 amendments to the Federal Rules of Civil Procedure, the substance of former Rule 4(d) relating to service on foreign corporations is now contained in Rule 4(h)
 
 
 [12]
 The Virginia Code Section authorizing substituted service applicable under the facts of this case reads in pertinent part:
 Sec. 13.1-758. Consequences of transacting business without authority.
 F. Suits, actions and proceedings may be begun against a foreign corporation that transacts business in this Commonwealth without a certificate of authority by serving process on any director, officer or agent of the corporation doing such business, or, if none can be found, on the clerk of the Commission. If any foreign corporation transacts business in this Commonwealth without a certificate of authority, it shall by transacting such business be deemed to have thereby appointed the clerk of Commission its attorney for service of process (italics added).
 We note that Sec. 8.01-329, authorizing substituted service on the Secretary of the Commonwealth, does not apply in this case because the provisions of Sec. 8.01-328.1 do not apply under the facts of this case.
 
 
 [13]
 We note that our decision is consistent with that of the 11th Circuit in LaBanca v. Ostermunchner, 664 F.2d 65 (11th Cir.1981), which utilized the two-prong case law test for determining if a defendant is found within the district under Rule B. In LaBanca, the court simply held that a defendant is not "found within the district" by statutory service of process on the Secretary of the State where the Secretary is not susceptible to actual service within the district in which the attachment is sought. Id. at 67-68. Interestingly, the Eleventh Circuit noted that although this decision creates an odd distinction between single district and multi-district States, it believed that such distinction was "intended by Congress and is consistent with traditional admiralty practice." Id. at 68 n.4